UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

RADISSON HOTELS INTERNATIONAL,
INC.,

          Plaintiff,

    -v-

RADISSON CARS & LIMO, INC. and
HAJIASIF A USMAN,

          Defendants.

--------------------------------------------------------X

Civil Action No.

## COMPLAINT

### FACTS

1. This is a suit for service mark infringement, service mark dilution, cybersquatting and unfair competition under the Lanham Act, 15 U.S.C. § 1051, et seq., for service mark and trade name infringement and unfair competition at common law, for violation of the New York Anti-Dilution Statute, General Business Law § 360-1 and for breach of contract.

2. Jurisdiction is provided for in 28 U.S.C. § 1338.

3. Plaintiff, Radisson Hotels International, Inc. is a Delaware corporation having its principal office and place of business at Carlson Parkway, P.O. Box 59159, Minneapolis, MN 55459-8249.

4. Upon information and belief, Defendant Radisson Cars & Limo, Inc. is a New York corporation having its principal office and place of business at 106 Green Acres Road, Valley Stream, NY 11581.

5. Upon information and belief, Defendant Hajiasaf A. Usman is an individual having a place of business at 106 Green Acres Road, Valley Stream, NY 11581.

6. Upon information and belief, the individual Defendant Usman substantially owns, controls and operates the corporate Defendant Radisson Cars & Limo, Inc., and the acts of the corporate defendant are also the acts of the individual defendant.

7. For more than a century and since long prior to the acts of Defendants complained of herein, Plaintiff (which term includes its predecessors) has been and now is advertising, offering for sale, selling and distributing in interstate commerce hotel services under its distinctive trade name and service mark RADISSON. Plaintiff and its affiliates, licensees and franchisees currently operate more than 425 hotels in over 65 countries, including the United States, under the service mark and trade name RADISSON, either alone or in combination with other words. In addition to providing hotel services, Plaintiff has used its RADISSON mark and name in connection with a wide range of related services, including transportation services, bar and restaurant services, catering and banquet services, travel services, and providing online reservation services and information concerning hotels and travel through its website at radisson.com.

8. Since the introduction of Plaintiff's services so marked and continuously thereafter, they have become and are now widely known and recognized by the distinctive trade name and service mark RADISSON, which has become and now is famous and is closely and universally associated with Plaintiff and its services as a means

by which Plaintiff and its services have become known to the public and by which their source and origin are identified.

9. Plaintiff's RADISSON mark is registered in the United States Patent and Trademark Office as follows:

| Mark | Registration No. | Date of Issue |
| --- | --- | --- |
| RADISSON | 920,862 | September 21, 1971 |
| RADISSON (Stylized) | 2,786,788 | November 25, 2003 |
| RADISSON.COM | 2,117,631 | December 2, 1997 |
| RADISSON PLAZA HOTEL | 1,555,298 | September 5, 1989 |
| RAD HOTEL BY RADISSON | 4,501,869 | March 25, 2014 |
| RADISSON BLU | 4,070,968 | December 13, 2011 |
| RADISSON BLU (Stylized) | 4,070,967 | December 13, 2011 |
| YOUR EVENT BY RADISSON | 2,693,462 | March 4, 2003 |

Copies of the Certificates of Registration of these registrations are attached as Exhibit 1.

10. The trademark registrations set forth in paragraph 9 above are presently outstanding, validly subsisting and Plaintiff is the owner thereof. In addition, Registration Nos. 920,862; 2,786,788; 2,117,631; 1,555,298 and 2,693,462 have become incontestable.

11. Upon information and belief, Defendants have been and are now engaged in the business of advertising, offering for sale and selling in this judicial district and elsewhere car and limousine transportation services for hire.

12. Upon information and belief, Defendants recently embarked upon a program to trade upon the goodwill of Plaintiff's famous RADISSON mark and name.

3

Upon information and belief, as part of their plan, Defendant Usman incorporated the corporate defendant under the name "Radisson Cars & Limo, Inc.," and Defendants (a) registered the domain names "radissonlimo.com" and "radissoncarandlimo.com," (b) set up websites at "radissonlimo.com" and "radissoncarandlimo.com" which prominently display the RADISSON mark, and (c) began to advertise, offer for sale and sell transportation services under the names "Radisson," "Radisson Car and Limo" and "Radisson Corp. Car & Limo." A printout of Defendants' website is attached as Exhibit 2; and a copy of Defendants' business card is attached as Exhibit 3.

13. Upon information and belief, Defendants began to advertise, offer for sale and sell transportation services using the mark and name RADISSON long after Plaintiff's RADISSON mark and name became famous and was well and favorably known to the trade, to the public and to Defendants.

14. When Plaintiff learned of Defendants' use of Plaintiff's RADISSON mark and name, Plaintiff's attorney contacted Defendants and informed Defendants of Plaintiff's rights in the RADISSON mark and name, warned Defendants that their advertising, offering for sale and selling of transportation services using the RADISSON mark and name violates Plaintiff's rights, and requested Defendants to discontinue their use of RADISSON in their business.

15. On March 14, 2013, Defendant Usman verbally agreed to discontinue use of the RADISSON trademark pursuant to certain specific terms that were mutually agreed upon by Defendant Usman and Plaintiff's counsel. Specifically, Defendant Usman agreed, on behalf of himself and Defendant Radisson Cars & Limo, Inc., which

he owns and operates, to discontinue using the RADISSON trademark in any manner, forever, and in return, Plaintiff agreed to refrain from filing a lawsuit against Defendants.

16. Plaintiff's counsel followed up on the telephone conversation on March 29, 2013 with email correspondence to Defendant Usman memorializing the agreement, but never received a reply from Defendant Usman nor from anyone at Radisson Cars & Limo.

17. Plaintiff's counsel sent further correspondence to Defendants both by United States mail and by email over the course of the next six months and never received a written reply. Specifically, on July 26, 2013, Plaintiff's counsel informed Mr. Usman that he was violating the terms of agreement; on October 10, 2013, Plaintiff's counsel again informed him that he was in breach of the agreement; and on April 1, 2014, Plaintiff's counsel once again informed him of the steps necessary to comply with terms of agreement. This correspondence is attached hereto as Exhibit 4.

18. In spite of all of these efforts on Plaintiff's part, Defendants have ignored the verbal agreement and all of the following correspondence from Plaintiff's counsel and continue to violate Plaintiff's service mark and trade name rights up to and including today.

19. Defendants' use of the service marks "Radisson," "Radisson Car and Limo" and "Radisson Corp. Car & Limo," the corporate name "Radisson Cars & Limo, Inc." and the domain names "radissonlimo.com" and "radissoncarandlimo.com" is likely to cause confusion or mistake or to deceive persons into the erroneous belief that Defendants are Plaintiff or that Defendants' services are Plaintiff's services or that Defendants or their services are authorized by Plaintiff or are endorsed by Plaintiff or are

sponsored by Plaintiff or are connected in some way with Plaintiff or its RADISSON services.

20. Upon information and belief, Defendants' use of the marks "Radisson," "Radisson Car and Limo" and "Radisson Corp. Car & Limo," the corporate name "Radisson Cars & Limo, Inc." and the domain names "radissonlimo.com" and "radissoncarandlimo.com," all of which imitate Plaintiff's famous and distinctive RADISSON mark and name, was deliberate and intentional and designed to create confusion and mistake and to deceive persons into the erroneous belief that Defendants are Plaintiff or that Defendants' services are Plaintiff's services or that Defendants or their services are authorized by Plaintiff or are endorsed by Plaintiff or are sponsored by Plaintiff or are connected in some way with Plaintiff or its RADISSON services.

21. Defendants' use of the marks "Radisson," "Radisson Car and Limo" and "Radisson Corp. Car & Limo," the corporate name "Radisson Cars & Limo, Inc." and the domain names "radissonlimo.com" and "radissoncarandlimo.com," all of which are colorable imitations of Plaintiff's famous and distinctive mark and name RADISSON, in connection with providing transportation services, falsely designates the origin of Defendants' services and constitute false descriptions and representations to the effect that Defendants are Plaintiff or that Defendants' services are Plaintiff's services or that Defendants or their services are authorized by Plaintiff or are endorsed by Plaintiff or are sponsored by Plaintiff or are connected in some way with Plaintiff or its RADISSON services, and Defendants, with knowledge of such falsity, have caused their services to enter into commerce.

22. Plaintiff believes that it is or is likely to be damaged by Defendants' use of said false designations, descriptions and representations in that the public is likely to be induced into purchasing Defendants' services in the erroneous belief that Defendants are Plaintiff or that Defendants' services are Plaintiff's services or that Defendants or their services are authorized by Plaintiff or are endorsed by Plaintiff or are sponsored by Plaintiff or are connected in some way with Plaintiff or its RADISSON services.

23. Defendants' use of the marks and names "Radisson," "Radisson Car and Limo" and "Radisson Corp. Car & Limo," the corporate name "Radisson Cars & Limo, Inc." and the domain names "radissonlimo.com" and "radissoncarandlimo.com" blur the distinctiveness of Plaintiff's famous RADISSON mark and name.

24. Defendants' use of the marks and names "Radisson," "Radisson Car and Limo" and "Radisson Corp. Car & Limo," the corporate name "Radisson Cars & Limo, Inc." and the domain names "radissonlimo.com" and "radissoncarandlimo.com" is without Plaintiff's license, authorization or permission.

25. The acts and conduct of Defendants complained of herein have damaged Plaintiff and, unless restrained, will impair, if not destroy, the value of Plaintiff's famous RADISSON mark and name and the goodwill it represents, and Plaintiff has no adequate remedy at law.

## COUNT I

26. Plaintiff repeats and reavers paragraphs 1 through 25 of the Complaint.

27. The acts and conduct of Defendants complained of herein constitute willful infringement of Plaintiff's registered trademarks recited in paragraph 9 above in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

## COUNT II

28. Plaintiff repeats and reavers paragraphs 1 through 25 of the Complaint.

29. The acts and conduct of Defendants complained of herein constitute willful violations of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## COUNT III

30. Plaintiff repeats and reavers paragraphs 1 through 25 of the Complaint.

31. The acts and conduct of Defendants complained of herein constitute willful trademark dilution of Plaintiff's famous RADISSON mark in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

## COUNT IV

32. Plaintiff repeats and reavers paragraphs 1 through 25 of the Complaint.

33. The acts and conduct of Defendants complained of herein constitutes willful cybersquatting in violation of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

## COUNT V

34. Plaintiff repeats and reavers paragraphs 1 through 25 of the Complaint.

35. The acts and conduct of Defendants complained of herein constitute willful dilution of Plaintiff's distinctive RADISSON mark and name in violation of the New York Anti-Dilution Statute, General Business Law § 360-1.

## COUNT VI

36. Plaintiff repeats and reavers paragraphs 1 through 25 of the Complaint.

37. The acts and conduct of Defendants complained of herein constitute willful service mark infringement of Plaintiff's RADISSON service mark at common law.

### COUNT VII

38. Plaintiff repeats and reavers paragraphs 1 through 25 of the Complaint.

39. The acts and conduct of Defendants complained of herein constitute willful trade name infringement of Plaintiff's RADISSON trade name at common law.

### COUNT VIII

40. Plaintiff repeats and reavers paragraphs 1 through 25 of the Complaint.

41. The acts and conduct of Defendants complained of herein constitute willful unfair competition at common law.

### COUNT IX

42. Plaintiff repeats and reavers paragraphs 1 through 25 of the Complaint.

43. The acts and conduct of Defendants complained of herein constitute breach of contract at common law.

WHEREFORE, Plaintiff prays:

A. That Defendants, their officers, agents, servants, employees and attorneys and all persons in active concert or participation with any of them, be enjoined and restrained, preliminarily and permanently, from using in connection with the advertising, offering for sale or sale of transportation services or any other related product or service, Plaintiff's service mark and trade name RADISSON, alone or in combination with any other word(s) or design(s), including without limitation "Radisson Car and Limo," "Radisson Cars & Limo, Inc.," "Radisson Corp. Car & Limo," "radissonlimo.com," "radissoncarandlimo.com" or any other similar mark or name that is likely to cause

confusion or to cause mistake or to deceive persons into the erroneous belief that Defendants are Plaintiff or that Defendants' services are Plaintiff's services or that Defendants or their services are authorized by Plaintiff or are endorsed by Plaintiff or are sponsored by Plaintiff or are connected in some way with Plaintiff or its RADISSON services.

  B. That Defendants, their officers, agents, servants, employees and attorneys, and all persons in active concert or participation with any of them, be enjoined and restrained, preliminarily and permanently, from using any false designation of origin or false description or false representation, and from engaging in any act or series of acts which, either alone or in combination, constitutes deceptive or unfair methods of competition by either Defendants with Plaintiff, and from otherwise interfering with or injuring Plaintiff's business reputation or diluting the distinctive quality of Plaintiff's RADISSON service mark or the goodwill associated therewith.

  C. That Defendants be directed forthwith to transfer to Plaintiff the domain names "radissonlimo.com" and "radissoncarandlimo.com," and all other domain names including the term RADISSON or any other word or name that is likely to cause confusion with RADISSON that are owned or controlled by either Defendant.

  D. That Defendants be directed forthwith to change the name of the corporate defendant to a name that does not include the term RADISSON or any other word or name that is likely to cause confusion with RADISSON.

  E. That Plaintiff be awarded Defendants' profits and Plaintiff's damages caused by Defendants' acts of infringement, dilution, cybersquatting and unfair competition complained of herein.

F. That Plaintiff be awarded three times the amount of damages caused by Defendants' willful acts of infringement, dilution, cybersquatting and unfair competition complained of herein.

G. That Plaintiff be awarded its damages caused by Defendants' breach of contract complained of herein.

H. That Plaintiff be awarded punitive damages arising out of the willful nature of Defendants' activities complained of herein.

I. That Plaintiff be awarded its costs of this civil action, including reasonable attorneys' fees.

J. That Plaintiff be awarded such other and further relief as the Court deems just and equitable.

DORSEY & WHITNEY LLP

Dated: October 8, 2014

By: /s/ Susan Progoff
Susan Progoff (SP8737)
Gina Spiegelman (GS0416)

51 West 52nd Street
New York, NY 10019-6119
Tel.: (212) 415-9200

Elizabeth C. Buckingham *(pro hac vice pending)*
Jeffrey R. Cadwell *(pro hac vice pending)*

50 South Sixth Street
Suite 1500
Minneapolis, MN 55402-1498
Tel: (612) 340-2600

*Attorneys for Plaintiff*

4850-0467-5357